# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL CASE NO. 1:22-cv-00065-MR-WCM

KIM SHOOK, KYLIE SCOLARO-         )
CONTI, and JOHN SZWYD,            )
                                  )
                Plaintiffs,       )
                                  )
        vs.                       )          **O R D E R**
                                  )
NCG ACQUISITION, LLC d/b/a        )
APPALACHIAN COMMUNITY             )
SERVICES and NCG CARE, INC.,      )
a/k/a negCARE,                    )
                                  )
                Defendants.       )
_____ )

**THIS MATTER** is before the Court on the Defendants' Motion to
Dismiss [Doc. 9]; the Magistrate Judge's Memorandum and
Recommendation [Doc. 17] regarding the disposition of that motion; and the
Plaintiffs' Objections to Memorandum and Recommendation [Doc. 19].

On March 24, 2022, the Plaintiffs filed this action against the
Defendants, asserting claims for wrongful discharge in violation of North
Carolina public policy and for intentional infliction of emotional distress. [Doc.
1]. On May 10, 2022, the Defendants moved to dismiss the Plaintiffs' claims
under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state

a claim upon which relief can be granted. [Doc. 9]. The Plaintiffs filed a Response in opposition to the Defendants' motion. [Doc. 12]. In the Conclusion section of their Response, the Plaintiffs argued that "[i]f the Court is inclined to grant Defendants' motion in whole or in part, Plaintiffs request leave to amend the complaint." [Doc. 12 at 25].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider the Defendants' motion and to submit a recommendation for its disposition. On December 7, 2022, the Magistrate Judge issued a Memorandum and Recommendation, recommending that the Defendants' motion be granted. [Doc. 17]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. [Id.]. After receiving an extension of time to do so [see Text-Only Order entered Dec. 20, 2022], the Plaintiffs filed their Objections on January 20, 2023. [Doc. 19]. After also receiving an extension of time [see Text-Only Order entered Feb. 1, 2023], the Defendants filed a Reply to the Plaintiffs' Objections on March 6, 2023. [Doc. 21].

In their Objections, the Plaintiffs object to the Memorandum and Recommendation only in so far as it recommends dismissal of their claim for

2

wrongful discharge in violation of public policy. [Doc. 19]. They further contend that the Magistrate Judge erred in failing to grant them leave to amend, and they renew their request for leave to amend before this Court. [Id. at 13-15].

The Magistrate Judge did not err in failing to address the Plaintiffs' request for leave to amend Complaint as set forth in their Response to the Motion to Dismiss. This Court's Local Rules clearly state that motions are not to be included in responsive briefs and that each motion must be set forth in a separately filed pleading. LCvR 7.1(c)(2). The Plaintiffs' request, contained in the Conclusion section of their responsive brief, was therefore not proper and not cognizable by the Court, and the Magistrate Judge did not err by not addressing it.

The Plaintiffs had twenty-one days from the filing of the Defendants' Motion to Dismiss to file an amended complaint as of right and to address any deficiencies identified by the Defendants in their motion. See Fed. R. Civ. P. 15(a)(1)(B). Despite having the unilateral right to do so, the Plaintiffs failed to amend their Complaint within the time required. Having failed to amend their Complaint and to address the deficiencies identified by the Defendants, the Plaintiffs left the Court with no option but to address the Defendants' motion on their merits. In doing so, the Magistrate Judge

3

engaged in a thorough analysis of the Plaintiffs' claims and the factual allegations made in support thereof. The Plaintiffs cannot now attempt to circumvent the Magistrate Judge's recommendation by seeking to amend their Complaint. See Kotsias v. CMC II, LLC, No. 1:15-CV-00242-MR-DLH, 2016 WL 7384594, at *1 (W.D.N.C. Dec. 20, 2016); Bailey v. Polk County, No. 1:10-CV-00264, 2011 WL 4565449, at *4 (W.D.N.C. Sept. 29, 2011). Allowing the amendment would reduce the Magistrate Judge's Memorandum and Recommendation to nothing more than an advisory opinion to assist the parties through the pleading stage. Accordingly, the Plaintiffs' request to amend their Complaint is denied.

After a careful review of the Memorandum and Recommendation, the Court concludes that the Magistrate Judge's proposed conclusions of law are correct and are consistent with current case law. Accordingly, the Court overrules the Plaintiffs' Objections and accepts the Magistrate Judge's recommendation that the Defendants' Motion to Dismiss be granted.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' Objections to Memorandum and Recommendation [Doc. 19] are **OVERRULED**, and the Magistrate Judge's Memorandum and Recommendation [Doc. 17] is **ACCEPTED**.

**IT IS FURTHER ORDERED** that the Defendants' Motion to Dismiss [Doc. 9] is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.

The Clerk of Court is respectfully directed to terminate this civil action.

**IT IS SO ORDERED.**

Signed: March 12, 2023

Martin Reidinger
Chief United States District Judge